**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

SEP 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE FORBUSH, | No. 22-15079 |
| Plaintiff-Appellee, | D.C. No. 3:21-cv-00163-MMD-WGC |
| v. | |
| CITY OF SPARKS; et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted August 23, 2023
San Francisco, California

Before: BUMATAY, KOH, and DESAI, Circuit Judges.

Defendants City of Sparks and its City Manager, Assistant City Manager, and Human Resources Director (collectively, "City") appeal the district court's denial of their motion to compel arbitration of Plaintiff George Forbush's 42 U.S.C. § 1983 claims. We affirm.

1.      We have jurisdiction over the City's appeal. The City moved to dismiss

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and to compel arbitration under the grievance procedure in the parties' collective bargaining agreement ("CBA"), specifically invoking Section 4 of the Federal Arbitration Act. This court has jurisdiction over interlocutory appeals of a district court's order denying a motion to compel arbitration filed under Section 4 of the FAA. 9 U.S.C. § 16(a)(1)(B); *see also Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1918 (2023) ("When a federal district court denies a motion to compel arbitration, the losing party has a statutory right to an interlocutory appeal."). The City appeals only the denial of its motion to compel, and thus we have jurisdiction.

2.     The City did not waive its right to compel arbitration. Because the City did not take "intentional acts inconsistent with" its "existing right to compel arbitration" by filing a combined motion to dismiss and motion to compel arbitration, there is no waiver. *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023). The City's dismissal arguments rested entirely on its argument that Mr. Forbush's claims are subject to arbitration, and the City never addressed the legal merits of Mr. Forbush's claims. The City has "never wavered from the view that it had a right to arbitration." *Id.* at 1016.

3.     Mr. Forbush's claims are not subject to arbitration. We construe CBAs, including arbitration provisions, "according to ordinary principles of contract law." *CNH Indus. N.V. v. Reese*, 138 S. Ct. 761, 763 (2018) (per curiam) (quoting *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 435 (2015)); *see also Morgan v.*

*Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022). A CBA can waive employees' rights to bring statutory claims in court only if, applying general tools of contract interpretation, the waiver is "clear and unmistakable." *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 80 (1998). In other words, an agreement to arbitrate employees' statutory claims must "be 'explicitly stated' in the collective-bargaining agreement." *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 258 (2009) (quoting *Wright*, 525 U.S. at 80). No such explicit language exists here.

The CBA's grievance procedure applies only to employee "disputes concerning the interpretation and application of [the CBA]." Mr. Forbush's First Amendment retaliation claims do not involve applying or interpreting the CBA. The CBA has a general nondiscrimination provision that requires the City to apply the CBA "equally to all employees in the negotiating unit without discrimination as to political affiliation or in accordance with any applicable Nevada or federal law." But that "is not the same as making compliance with" the First Amendment "a contractual commitment that would be subject to the arbitration clause." *Wright*, 525 U.S. at 81. The CBA lacks a "clear and unmistakable" waiver of Mr. Forbush's right to bring his § 1983 claims in federal court.

**AFFIRMED.**